UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH NASSET | CIVIL ACTION |
| VERSUS | NO. 18-9253 |
| UNITED STATES OF AMERICA | SECTION "A" (1) |

**ORDER AND REASONS**

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 55)** filed by the Defendant the United States of America. The Plaintiff Kenneth Nasset opposes this motion. This motion, set for submission on September 19, 2020, is before the Court on the briefs without oral argument.

**I.     Background**

Nasset filed his Complaint against the Government pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., regarding the care he received from the U.S. Department of Veterans Affairs ("VA") in New Orleans, Louisiana, for the treatment of his psoriatic arthritis in 2016. (Rec. Doc. 49, p. 1, Court's Order). Nasset claims that on September 13, 2016 he saw Dr. Hugh McGrath, a rheumatologist, and was prescribed a TNF inhibitor after discussing two drugs, Humira and Enbrel, for treating his psoriatic arthritis. (Rec. Doc. 1, p. 3, Nasset's Complaint). After taking Enbrel for almost a year, Nasset was hospitalized on June 13, 2017 and was informed that he had congestive heart failure and a myocardial infarction. *Id*. at 4. During this hospitalization, Nasset claims that his attending physicians, Dr. Margret Maxi and Dr. Meredith Barr, advised him that the Enbrel medication was the cause of his myocardial infarction. *Id*.

On June 4, 2020, the Court allowed Nasset to amend his Complaint to make the following three claims against the Government: (1) negligence, (2) vicarious liability, and (3) lack of informed consent. As a result of this amendment, the Government filed a Motion for Partial Summary Judgment as to Nasset's negligence and vicarious liability claims.

II.     **Summary Judgment Legal Standard**

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record[.]). A fact is immaterial "if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

III.    **Discussion**

To prevail in a medical malpractice case, a plaintiff must prove all three of the following elements by a preponderance of the evidence: (1) the applicable standard of care expected of physicians in his medical specialty, (2) a violation of that standard of care, and (3) a causal connection between the alleged negligent treatment and the plaintiff's injuries. La. R.S.

9:2794; *Pfiffner v. Correa*, 643 So.2d 1228, 1233 (La. 1994). While expert testimony is generally required to establish malpractice, "[t]he jurisprudence has also recognized that there are situations in which expert testimony is not necessary." *Pfiffner*, 643 So.2d at 1233. For instance, expert testimony is not required where the physician does an obviously careless act, from which a lay person can infer negligence. *Id*. (citing *Hastings v. Baton Rouge Gen. Hosp.*, 498 So.2d 713, 719 (La. 1986)). "Failure to attend a patient when the circumstances demonstrate the serious consequences of this failure, . . . [is] also [an] example[ ] of obvious negligence which require[s] no expert testimony to demonstrate the physician's fault." *Id*. at 1234. "Likewise, where the defendant/physician testifies as to the standard of care and his breach thereof, *see, e.g., Riser v. American Medical Int'l Inc.*, 620 So.2d 372, 377 (La. Ct. App. 5th Cir. 1993); *Hastings*, 498 So.2d at 722 (violation of LSA-R.S. 40:2113.4 which imposes duty on a hospital to make emergency services available to all persons in the community without regard to income or insurance protection and hospital bylaws establishing duties for on-call physicians), . . . expert testimony is also unnecessary to establish a malpractice claim." *Pfiffner*, 643 So.2d at 1234.

In its Motion for Partial Summary Judgment, the Government argues that Nasset cannot satisfy his burden of proof because both his negligence claim and his vicarious liability claim require expert testimony, which he failed to obtain. More specifically, the Government points out that Nasset only has one medical expert, Dr. Mark Levin, who the Court determined to be unqualified to give an opinion on the standard of care for a rheumatologist. (Rec. Doc. 55, p. 10-12, Government's Memorandum in Support).[1]

---

[1] However, the Court qualified Dr. Mark Levin as an expert to testify as to whether Nasset had informed consent to use Enbrel. (Rec. Doc. 49, p. 5, Court's Order).

Conversely, Nasset contends that an expert opinion is not required for his negligence and vicarious liability claims because (1) Dr. McGrath admitted to the negligence and (2) the obvious negligence exception applies. As noted in Nasset's Opposition, the VA Medication Management Policy states that, "an assessment of each patient's response to his/her medications is to be performed by the clinician to ensure clinical needs are met and to address the patient's response to the prescribed medications and actual or potential medication related problems." (Rec. Doc. 56, p. 3, Nasset's Opposition). Accordingly, Nasset argues that, "[t]his policy indicates that an assessment should have been performed as to Mr. Nasset's response to Enbrel to address any actual or potential medication related problems." *Id*. at 4. "Dr. McGrath [testified that he] never did an assessment because [he] did not write 'return to clinic' in Mr. Nasset's records which means Dr. McGrath was not requesting Mr. Nasset to return to the clinic." *Id*. "Nurse Godfrey did not schedule a follow up appointment[, and] Mr. Nasset was not seen by another rheumatologist for nine months after the initial consultation." *Id*. "Thus, that is a breach of care as set forth by VA policy as there was no follow-up by Dr. McGrath or the VA after mailing Plaintiff the wrong medication." *Id*. at 5. "Had Dr. McGrath done an assessment, he would have realize[d] that Mr. Nasset was not using the correct dosage and that he received Enbrel instead of Humira." *Id*.

Here, the Court finds that it is premature to grant summary judgment in favor of the Government as to Nasset's negligence and vicarious liability claims. More specifically, there still remains a question of fact as to whether Dr. McGrath violated the VA Medication Management Policy by not having a follow-up assessment with Nasset. As noted above, expert testimony is not needed when "the defendant/physician testifies as to the standard of care and his breach thereof." *Pfiffner*, 643 So.2d at 1234; *Hastings*, 498 So.2d at 722. Thus,

although this issue is likely not an example of obvious negligence, Nasset can still attempt to prove that Dr. McGrath breached his standard of care by violating the VA's policies without having to present additional expert testimony. Further, the Court, as the trier of fact in this case, will be in a better position following the presentation of evidence at trial to determine whether Nasset can meet his burden of proof as to his negligence claims in the absence of expert testimony. As a result, the Court denies the Government's Motion for Partial Summary Judgment.

Accordingly;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 55)** filed by the Defendant the United States of America is **DENIED**.

September 11, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE