UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNETH NASSET** | * | **CASE NO. 18-9253** |
| **vs.** | * | **SECT. A(1)** |
| **UNITED STATES OF AMERICA** | * | **JUDGE ZAINEY** |
| | * | **MAG. VAN MEERVELD** |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS

**NOW INTO COURT,** through undersigned Assistant U.S. Attorney, comes the Defendant, the United States of America, and in response to plaintiff's statement of uncontested material facts, submits the following specific responses.

<u>Plaintiff failed to establish all elements of his negligence claim</u>

1. Denied. Under Louisiana law, the VA's internal policy cannot establish the application standard of care. *See Roberts v. Cox*, 669 So. 2d 633, 641 (La. App. 2 Cir. 2/28/96).

2. There was no violation of the standard of care.

A. Denied. Dr. McGrath treated Mr. Nasset on September 13, 2016. See Ex. 3. After Dr. McGrath's retirement, Mr. Nasset was treated the VA rheumatologist, Dr. Emejuaiwe. See the Declaration of Dr. Emejuaiwe, attached hereto as Exhibit 8. Further, Plaintiff was in constant communication with Nurse Godfrey in Dr. McGrath's office in September, October, and November of 2017. Plaintiff did not describe any cardiac symptoms during these communications. R. Doc. 50 at ¶14-16.

B. Denied. Plaintiff was in constant communication regarding his medication with Nurse Godfrey in Dr. McGrath's office in September, October, and November of 2017. R. Doc. 50 at ¶14-16. Plaintiff also saw his primary care physician at the VA and

discussed "Dr. McGrath's prescription of Enbrel and the frequency he was taking Enbrel." R. Doc. 50 at ¶17.

C. Denied. Mr. Nasset was referred to Dr. McGrath from Terenice H. Colar, LPN. Plaintiff's Ex. 3, R. Doc. 57-6 at 9. Dr. McGrath testified that he reviewed Plaintiff's records when he came. *See* P's Ex. 2, R. Doc. 57-5 at 3. Dr. McGrath also testified that he asked the patient what his problems were and what was in his records. *Id.*

D. Admitted.

E. Admitted.

F. Admitted.

G. Denied. Mr. Nasset himself admitted that Dr. McGrath told him to return to the clinic in three months. *See* the deposition of Kenneth Nasset, attached hereto as Exhibit 2 at 72:3-6. Mr. Nasset's admission that Dr. McGrath told him to follow-up in three months is corroborated by his medical records where Mr. Nasset told Nurse Godfrey that Dr. McGrath told him to return in three months. *See* the 9/13/16 rheumatology note at page 5, attached hereto as Exhibit 3.

H. Denied. Plaintiff is misstating Dr. McGrath's testimony. Dr. McGrath did not testify that Nurse Godfrey did not schedule a follow-up appointment. *See* Plaintiff's Ex. 2, R. Doc. 57-5 at 7-8. Further, it was Plaintiff's responsibility to book his follow-up appointment.

I. Denied. Although Mr. Nasset was not physically seen by a rheumatologist until June 5, 2017, he was in constant communication regarding his medication with Nurse Godfrey in Dr. McGrath's office in September, October, and November of 2017. Plaintiff did not describe any cardiac symptoms during these communications. R. Doc.

50 at ¶14-16.  Plaintiff also saw his primary care physician at the VA and discussed "Dr. McGrath's prescription of Enbrel and the frequency he was taking Enbrel."  R. Doc. 50 at ¶17.  Further, Plaintiff admitted he was told to follow-up with rheumatology three months after his June 5, 2017 appointment and he failed to do so. See Ex. 2 at 72:3-6 and Ex. 3.

3. Plaintiff failed to establish that the medication Enbrel caused his myocardial infarction and congestive heart failure.

A. Admitted in part.  Dr. McGrath admitted Enbrel can cause congestive heart failure but he testified it did not cause Plaintiff's congestive heart failure.  *See* Plaintiff's Ex. 2 at 73:12-21.

B. Admitted.

C. Denied.  Plaintiff's congestive heart failure, atrial fibrillation, and ablation were not caused by Enbrel.[1]  Plaintiff Dr. Wilson and Dr. Kushner testified that Enbrel did not cause Plaintiff's injuries.  Dr. Wilson noted, "[i]f patients with rheumatoid arthritis have a higher risk for congestive heart failure because they have rheumatoid arthritis, then it is not possible to say that the anti-TNF therapy can cause congestive heart failure." *See* Ex. 6 at ¶15.  "Because the studies of the effect of anti-TNF biological agents on congestive heart failure were inconclusive, it is not possible to say if Enbrel was a factor in his congestive heart failure."  Ex. 6 at ¶15.  The USA's expert, Dr. Kushner noted, "[i]n reviewing the literature surrounding the use of TNF alpha antagonists, I cite the scholarly review posted in UpToDate.com and referenced below.

---

[1] It should be noted Plaintiff cites his own affidavit and the Defendant's expert reports for the causation element. Plaintiff's own expert, Dr. Levin, did not establish causation.  Further, Plaintiff misstates the Defendant's expert reports.  Contrary to Plaintiff's allegations, Dr. Wilson and Dr. Kushner did not opine that Plaintiff's injuries were caused by Enbrel.

> That summary and its references state clearly that a definitive link between these agents and congestive heart failure has not been made." Ex. 7 at ¶9.

<u>Plaintiff failed to establish all elements of his informed consent claim</u>

1. Plaintiff failed to establish a material risk.

    A. Denied. Plaintiff was advised by Dr. Emejuaiwe that Enbrel cause exacerbation of existing heart failure and the low risk of developing new congestive heart failure or lung disease. *See* Ex. 8 at ¶16.

2. Plaintiff failed to establish failure to disclose a material risk.

    A. Admitted in part. Plaintiff was advised of the boxed warnings of Enbrel by Dr. McGrath. Ex. 2 at 67:1-12 and 97:11-25 and Ex. 3.

    B. Denied. Plaintiff was advised of the boxed warnings of Enbrel by Dr. McGrath. Ex. 2 at 67:1-12 and 97:11-25 and Ex. 3. Dr. McGrath did not have the duty to advise Plaintiff of the risk of congestive heart failure because it is not a material risk. *See* Ex. 10. The risk of congestive heart failure is not a boxed warning of Enbrel. *See* Ex. 9 and Ex. 10.

    C. Admitted in part. Dr. McGrath prescribed Plaintiff a TNF inhibitor. R. Doc. 50 at ¶12.

    D. Admitted.

3. Plaintiff failed to establish disclosure of the risk would have led a reasonable patient in the patient's position to reject the treatment.

    A. Denied. Plaintiff admitted he did not have congestive heart failure prior to June of 2017. Ex. 2 at 39:16-21. Further, Dr. Kushner noted "there is no evidence that Mr. Nasset had congestive heart failure prior to the administration of these medications…" Ex. 7.

    B. Denied. Plaintiff was advised by Dr. Emejuaiwe that Enbrel can cause exacerbation of existing heart failure and the low risk of developing new congestive heart failure or lung disease. *See* Ex. 8 at ¶16. Afterwards, Mr. Nasset acknowledged his understanding of the risks associated with Enbrel. *Id.* at ¶17. Further, Mr. Nasset responded that he did not want to be taken off Enbrel. He reported that he had tolerated the medication and wanted to continue taking Enbrel because the benefits he derived from Enbrel were quite significant including less pain and more energy. *Id.* at ¶13. Further, Dr. Wilson noted that in his experience, patients with psoriatic arthritis take Enbrel despite the low risk of congestive heart failure because that risk is so small and the benefits of taking Enbrel for the patient's psoriatic arthritis are great. Ex. 10.

    C. Admitted in part. Dr. McGrath admitted Enbrel can cause congestive heart failure but he testified it did not cause Plaintiff's congestive heart failure. *See* Plaintiff's Ex. 2 at 73:12-21.

    D. Denied. Plaintiff was on numerous medications on September 13, 2016, including several pain medications such as acetaminophen and hydrocodone. Ex. 3 at p. 2. Further, Dr. Wilson noted that in his experience, patients with psoriatic arthritis take Enbrel despite the low risk of congestive heart failure because that risk is so small and the benefits of taking Enbrel for the patient's psoriatic arthritis are great. Ex. 10.

    E. Denied. Plaintiff was on numerous medications on September 13, 2016, including several pain medications such as acetaminophen and hydrocodone. Ex. 3 at p. 2.

4. Plaintiff failed to establish his injuries were caused by a lack of informed consent.

A. Denied.  Plaintiff's congestive heart failure, atrial fibrillation, and ablation was not caused by Enbrel.[2]  Dr. Wilson and Dr. Kushner testified that Enbrel did not cause Plaintiff's injuries.  Dr. Wilson noted, "[i]f patients with rheumatoid arthritis have a higher risk for congestive heart failure because they have rheumatoid arthritis, then it is not possible to say that the anti-TNF therapy can cause congestive heart failure." *See* Ex. 6 at ¶15.  "Because the studies of the effect of anti-TNF biological agents on congestive heart failure were inconclusive, it is not possible to say if Enbrel was a factor in his congestive heart failure." Ex. 6 at ¶15.  The USA's expert, Dr. Kushner noted, "[i]n reviewing the literature surrounding the use of TNF alpha antagonists, I cite the scholarly review posted in UpToDate.com and referenced below.  That summary and its references state clearly that a definitive link between these agents and congestive heart failure has not been made." Ex. 7 at ¶9.

B. Admitted in part.  Dr. McGrath admitted Enbrel can cause congestive heart failure but he testified it did not cause Plaintiff's congestive heart failure.  See Plaintiff's Ex. 2 at 73:12-21.

C. Admitted.

                    Respectfully submitted,

                    PETER G. STRASSER
                    UNITED STATES ATTORNEY
                    */s/ Mary Katherine Kaufman*
                    MARY KATHERINE KAUFMAN
                    Assistant United States Attorney
                    LA Bar #32719
                    650 Poydras Street, Suite 1600
                    New Orleans, Louisiana 70130

---

[2] Again, for the causation element Plaintiff cites to his own affidavit and misstates the reports of the Defendant's experts.  This is insufficient to establish his burden of proof.

>Telephone: (504) 680-3008
>Facsimile: (504) 680-3184
>Mary.Katherine.Kaufman@usdoj.gov