## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNETH NASSET** | * | **CASE NO. 18-9253** |
| **vs.** | * | **SECT. A(1)** |
| **UNITED STATES OF AMERICA** | * | **JUDGE ZAINEY** |
| | * | **MAG. VAN MEERVELD** |

## DECLARATION

NOW INTO COURT comes Nkechinyere Emejuaiwe, MD who makes the following declaration pursuant to 28 U.S.C. § 1746:

1. I am employed as a Rheumatologist with the United States Department of Veterans Affairs (VA) in Cincinnati, Ohio. I have been employed by the VA for 3 years and 8 months and I have served at the New Orleans VA for 3 years and 7 months, from January, 2017 to August, 2020.

2. I became board certified in rheumatology in 2008. I received my training at the University of Pittsburgh Medical Center.

3. In my capacity as a Rheumatologist, at the New Orleans VA, I am familiar with the Plaintiff, Kenneth Nasset, and treated him on June 5, 2017, as outlined in Mr. Nasset's June 5, 2017 medical record, attached hereto as Exhibit A.

4. I independently recall treating Mr. Nasset on June 5, 2017.

5. Mr. Nasset's initial visit with the New Orleans VA, rheumatology, was with Dr. McGrath on 9/2016. After Dr. McGrath retired, I began treating Mr. Nasset.

6. On June 5, 2017, I examined Mr. Nasset for a follow-up with a history of arthralgias and swelling with chronic back pain. He was suspected for spondyloarthropathy with probable psoriatic arthritis given the join pain/swelling and rash, as stated in Ex. A.

7. He had been taking a TNF inhibitor since his last visit with Dr. McGrath and reported noticing significant difference in his symptoms while on therapy. He reported to me that his rash has been resolved since on Enbrel, as stated in Ex. A.

8. His musculoskeletal exam at his initial visit with me was not consistent with inflammatory arthropathy, but given Mr. Nasset's report of improvement since the

1

initiation of Enbrel, I concluded that the lack of objective findings could be because of current therapy with Enbrel, as stated in Ex. A.

9. I am unable to conclude that Mr. Nasset's psoriatic arthritis was a misdiagnosis. Although I was not privy to his pre-enbrel examination, documentation in his medical records indicated that he had symptoms of psoriatic arthritis including joint swelling and a rash prior to treatment with Enbrel. These findings were not present during my examination of Mr. Nasset on June 5, 2017.

10. The medication Enbrel was medically indicated on June 5, 2017.

11. Mr. Nasset reported peripheral arthralgia and lower back pain to me, as stated in Ex. A.

12. I suggested to Mr. Nasset that he discontinue Enbrel because his description of pain along with my physical examination findings on June 5, 2017 were not consistent with systemic inflammation.

13. Mr. Nasset responded that he did not want to be taken off Enbrel. He reported that he had tolerated the medication and wanted to continue taking Enbrel because the benefits he derived from Enbrel were quite significant including less pain and more energy, as reflected in Ex. A.

14. Mr. Nasset did not report any cardiovascular side effects of Enbrel to me on June 5, 2017. My review of systems and physical examination on June 5, 2017 did not support any cardiovascular side effects in Mr. Nasset.

15. Because Mr. Nasset reported that he wanted to continue Enbrel since he had derived significant benefits from Enbrel and because while on Enbrel, the provider's previously documented joint swelling and rash were not observed on June 5, 2017, Enbrel therapy was continued at this time.

16. At that June 5, 2017 visit, we went over the risks of immunosuppressive therapy (in this case Enbrel, a tumor necrosis factor inhibitor), including the risk of infection, exacerbation of existing heart failure, bone marrow and liver abnormalities, allergic reaction, diarrhea, neurologic deficits and the low risk of developing new congestive heart failure or lung disease.

17. Afterwards, Mr. Nasset acknowledged his understanding of the risks associated with Enbrel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 21, 2020.

Nkechi Emejuaiwe, MD
Cincinnati VA Medical Center
3200 Vine Street
Medicine Service
Attn: Rheumatology Section
Cincinnati, OH 45220

3