# Vasquez Law Office

Phone: 504-571-9582
Fax: 5046841449



| | |
|---|---|
| **To: VA** | **From: Jessica Vasquez** |
| **Fax: 844-531-7818** | **Pages: 9** |
| **Re: Ken Nasset 371781475** | **Date: January 29, 2019** |

Statement in Response to Supplemental Statement of the Case in Support of Appeal

400 Poydras Street, Ste. 900, New Orleans, LA 70130

VBA 4938

This fax was sent using the Fax.com™ internet fax service. Fax online without a fax machine. Try it now for free at Fax.com/free.
COPY MADE BY VBA, ST. LOUIS FROM A RECORD IN VA'S POSSESSION

Ken Nasset
371781475

## Supplemental Statement in Support of Appeal

The veteran supplements his claim with respect to the following:

### 1. Skin Condition/Drug and Chemical Allergies

The October 2017 addendum medical opinion states only that Mr. Nasset's allergy to penicillin existed prior to service. The allergic diathesis or tendency was towards a penicillin allergy, no other allergy other than penicillin.

Mr. Nasset had a pre-existing allergy to penicillin. Mr. Nassct now has an allergy to sulfa drugs, azithromycin, gabapentin, and other non-penicillin related medications.

Further, Mr. Nasset had a C&P done on October 15, 2016 with Dr. Ryan Matherne. Mr. Nasset never suffered from the skin conditions of keratosis pilaris and folliculitis prior to service. There is no indication in the medical record of what the known etiology for the allergy actually was. Thus, there is a presumption that the veteran's disability is service connected and the veteran should only have to prove whether it manifested to a degree of 10% or more before December 31, 2021 and whether it is a qualifying chronic disability.

In a BVA Decision Docket No. 03-13571 (Citation Nr: 0703353, 02/02/07), the BVA found that an examiner who conducted the examination opined that the veteran's allergic diathesis was well established and wcll diagnosed prior to entry into service and was not "particularly exacerbated" beyond its normal baseline condition following her entry into service.

The medical evidence did not clearly and unmistakably reflect that the condition was not aggravated by such service. Thus, because the Veteran was normal at service entrance with respect to this particular allergic disability, and since the evidence did not clearly and unmistakably show that that allergic rhinitis both existed prior to service and was not aggravated by service, (and Veteran currently suffered from allergic rhinitis), the criteria for service connection was met.

VBA 4939

COPY MADE BY VBA, ST. LOUIS FROM A RECORD IN VA'S POSSESSION

Here, there is no clear and unmistakable evidence that the condition was not aggravated but such service. Veteran had one allergy prior to service and several allergies and new skin conditions after service. The evidence does not clearly show that the skin conditions or new allergies pre-existed service. Thus, the criteria for service connection is met.

Further, applying a MUCMI argument, the plain meaning of § 3.317(a)(2)(ii), an illness is a MUCMI where either the etiology or pathophysiology of the illness is inconclusive. Conversely, a multisymptom illness is not a MUCMI where both the etiology **and** the pathophysiology of the illness are partially understood. Here, even assuming that Dr. Matherne presented a partial etiology, he did not provide a pathophysiology for the allergy and skin conditions.

And neither diagnosis of keratosis pilaris and folliculitis explains the swollen foot and rash that was submitted as photographic evidence with the appeal and no opinion was requested by the VA to clarify that specific skin condition. Under 38 C.F.R. §3.317 (2012), objective manifestations of a chronic disability are provable with lay testimony and photographic evidence.

Thus, regulation defining the term MUCMI is a diagnosed illness without conclusive pathophysiology or etiology, that is characterized by overlapping symptoms and signs and has features such as fatigue, pain, disability out of proportion to physical findings, and inconsistent demonstration of laboratory abnormalities. Chronic multisymptom illnesses of partially understood etiology and pathophysiology, such as diabetes and multiple sclerosis, will not be considered medically unexplained. 38 C.F.R. § 3.317(a)(2)(ii) (2018).4

The allergies and skin conditions are out of proportion to physical findings and are inconsistent demonstration of laboratory abnormalities.

## 2. Entitlement to Service Connection for Headaches

The January 2018 addendum states that "it is unclear what the exact nature of the relationship might be, in fact, migraines may proceed the development of depression. Since there is no known etiology the Gulf War presumption must be applied. Thus we ask for the application of the correct presumption and service connect headaches in accordance with the standards in *Gutierrez v. Principi* 19 VET. APP. 1, 8 (2004).

VBA 4940

COPY MADE BY VBA, ST. LOUIS FROM A RECORD IN VA'S POSSESSION

VA Claims Intake Center – 01292019

01/29/19 09:55AM PST Vasquez Law Office Case 2:18-cv-09253-JCZ-JVM Document 71-19 Filed 10/05/20 Page 4 of 5 8445317818 Pg 4/9

Further, MUCMI is a diagnosed illness without conclusive pathophysiology or etiology, that is characterized by overlapping symptoms and signs and has features such as fatigue, pain, disability out of proportion to physical findings, and inconsistent demonstration of laboratory abnormalities. Chronic multisymptom illnesses of partially understood etiology and pathophysiology, such as diabetes and multiple sclerosis, will not be considered medically unexplained. 38 C.F.R. § 3.317(a)(2)(ii) (2018).4

They denied Mr. Nasset because they could not find a specific exposure event to cause his headaches. Presumptive condition assume service in the area was the specific exposure event. Conversely, a multisymptom illness is not a MUCMI where both the etiology **and** the pathophysiology of the illness are partially understood. Therefore Mr Nasset exposure event was service in the Gulf Region so he should be service connected at 50% rating level his exam indicate he is entitled to.

## 3. Service Connection for Cardiovascular Illness

Mr. Nasset submitted a claim in 2009 for cardiovascular issues. On May 13, 2009, Mr. Nasst presented to the VA with shortness of breath and an abnormal EKG. Mr. Nasset previously had an abnormal EKG as early as 2005 which is contained in the medical records for the VA.

On September 2, 2010, Mr. Nasset was admitted back into the hospital with a heart problem. Mr. Nasset was rated 43% for his left ventricle ejection fraction after an angiogram and stress test. Mr. Nasset was 36 years old at the time and should have been rated 60% disabled at this time. A myocardial ischemia was noted on Mr. Nasset's medical records and he was told that there was no blockage and that his arteries were clear.

On September 13, 2016, Mr. Nasset was admitted into the hospital with left ventricle ejection was diagnosed at 11%, congestive heart failure, and a myocardial infarction. Mr. Nasset requests service connection for this condition.

VBA 4941

COPY MADE BY VBA, ST. LOUIS FROM A RECORD IN VA'S POSSESSION

## 4. Effective Date of his Erectile Dysfunction

The effective date for this claim should be moved back to June of 2009 Mr. Nasset was prescribed Sildenafil Citrate for his condition since at least 2007 although his medications were likely stopped subsequently due to his heart condition.


_____
**Ken Nasset-Veteran**

_____
**Jessica Vasquez**
**Attorney for Ken Nasset**

VBA 4942

COPY MADE BY VBA, ST. LOUIS FROM A RECORD IN VA'S POSSESSION