UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| KENNETH NASSET | * | CIVIL ACTION NO. 18-9253 |
|---|---|---|
| Plaintiff, | * | |
| | * | JUDGE ZAINEY |
| | * | |
| VERSUS | * | MAG. VAN MEERVELD |
| | * | |
| UNITED STATES OF AMERICA | * | SEC. A(1) |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF MOTION TO STRIKE
DECLARATIONS OF DR. WILSON AND DR. EMEJUAIWE**

COMES NOW Plaintiff, Kenneth Nasset, through the attorney of record, and files this brief reply in support of the Motion to Strike Dr. Wilson's Supplemental Report and Dr. Emejuaiwe's Declaration to correct inaccuracies stated by the Defendant.

The Defendant's inaccurate argument regarding Court deadlines requires correction. On January 21, 2020, the Court set an Expert Deadline to exchange all expert witnesses. ( R. Doc. 14.)  Pursuant to the Court's Order, Defendant was to disclose all experts and expert reports by March 14, 2020.[1] The Defendant **must** have understood that this was an expert deadline because two reports were received, one report from Dr. Merlin Wilson and one report from Dr. Kushner.

Most importantly, defendant claims that it is prejudiced because a new cause of action was added. This argument is unsupported as the expert defense retained **clearly opines on the standard of care for informed consent.**[2] Defendant now attempts to leverage its ignorance of

---

[1] R. Doc. 14.
[2] R. Doc.-6 -Dr. Wilson's report "Dr. McGrath wrote in his note on September 13, 2016 that he would prescribe an anti-TNF medication. He chose Enbrel. It is possible that Humira was discussed at the office visit but that is not in his note and not what was ordered. I frequently discuss other alternative medications

the order to ambush Plaintiff who does not have the same economic resources as the United States with a **third** expert, a **third** motion for summary judgment and more additional supplement expert reports within a week of the discovery cutoff deadline.

Defendant did not file a Rule 26 Designation until *after* it filed a third motion for summary judgment which begs the question as to why it waited this long to provide the reports. At the last status conference on August 20, 2020, the Court set a new discovery deadline. (R. Doc. 54). **The Court did not rescind, modify or alter the previous Order from January 21, 2020.** Thus, Defendants' argument that "absent a stipulation or a court order, the disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial." FRCP 26(a)(2)(D)(i)" does not apply because there was an existing Order regarding expert disclosures.

Plaintiff is prejudiced as the Defendant has filed a third motion for summary judgment on the same facts which -for the first time- includes these untimely expert reports. These reports were never disclosed prior to the summary judgment motion. As Plaintiff was following the Court's Order, Plaintiff could not seek additional rebuttal experts in support of their Opposition so Plaintiff is at a loss to be able to rebut these allegations within the time delays provided by local rules. Should the defendant be allowed to proceed with additional reports, Plaintiff requests an extension to depose Dr. Emejuawie and Dr. Kollipara who were both Plaintiff's treating doctors at that time.

---

during an office visit. Since all anti-TNF medications have the same efficacy and side effect profile, this is not clinically significant. It is certainly within the standard of care in New Orleans to recommend an anti-TNF biological agent for psoriatic arthrit

Further, defendant should not be allowed to present additional experts, especially if Plaintiff is not also allowed to retain experts. It is an unfortunate economic reality that Plaintiff does not have the expendable economic resources that the United States has and likely cannot afford to retain additional experts to rebut these newly disclosed experts that the Defendant has ambushed the Plaintiff with, well after the expert deadlines. Nevertheless, Plaintiff should at least have the time for that option.

Plaintiff must also address the unsupported statements against Dr. Levin. The deposition of Dr. Levin was taken three days ago on October 8, 2020. Plaintiff does not yet have the transcript[3] but Dr. Levin explained that he administered Humira and Enbrel and wrote orders for Enbrel and that he administered Enbrel at his infusion suite by subcutaneous injection. Dr. Levin testified that Enbrel requires a written consent with a copy given to the patients with instructions of what to do if there are side effects.[4] In this matter, the medical records reflect no written consent was given to Mr. Nasset.

Further, Dr. Levin testified that the records indicate Mr. Nasset had an ischemic defect noted on his stress test in September 3, 2010 which means that part of his heart was not working prior to the consultation with Dr. McGrath wherein he was mailed Enbrel, not Humira.[5] Dr. Levin also testified that the risk of congestive heart failure is material risk and should be disclosed as a material risk when giving informed consent.[6]

---

[3] A supplemental brief will be forthcoming once the transcript is received.
[4] Dr. Levin Deposition 10/08/2020
[5] Dr. Levin Deposition 10/08/2020, Bates #3 of Tennessee VA Records "Nuclear study showed that he has a large mild anterior wall ischemiac defect"
[6] Dr. Levin Deposition 10/08/2020

Dr. Levin identified his specific additional qualifications in bioethics which involves a patient's autonomy to decide what he wants to do with his body.[7] At the very least, Plaintiff requests that he be allowed to supplement his Opposition to the Summary Judgment once the deposition transcript of Dr. Levin has been received if the untimely expert reports are allowed int as it stands in stark contrast to Dr. Wilson and Dr. Emejuaiwe's declaration creates issues of material fact.

Dr. Levin notes that Dr. Emejuaiwe's declaration is problematic as it states that she recommended against Enbrel but then allegedly explained the risk of congestive heart failure.[8] If a patient went against a doctor's recommendation it should be documented in the medical records -which it was not. Dr. Levin testified that doctors are taught in medical school "if it is not documented in the record, it didn't happen.[9]" No where in the medical records is there an indication that Dr. Emejuaiwe disclosed the risk of congestive heart failure yet it now states she did on the declaration.

Dr. Merlin Wilson's report fairs no better because he does not analyze the material risk in the context of Mr. Nasset's pre-existing heart defect or takes into account any of the cardiac symptoms that Mr. Nasset reflects in his medical records. The plain statement that congestive heart failure is not a material risk does not apply in a vacuum and creates a genuine issue of material fact. Further this supplemental report should be excluded because it does not correct or supplement his prior report and is untimely.

Because of the prejudice against the plaintiff and the untimeliness of the expert reports which provide no new information of that Dr. Wilson has not already addressed, Plaintiff

---

[7] Dr. Levin Deposition 10/08/2020
[8] Dr. Levin Deposition 10/08/2020
[9] Dr. Levin Deposition 10/08/2020

respectfully requests that the Supplemental Report of Dr. Merlin Wilson[10] and the Declaration of Dr. Emejuaiwe[11] be stricken.

                    Respectfully Submitted,

                    VASQUEZ LAW

                    __/s/Jessica Vasquez__
Jessica Vasquez (#27124)
400 Poydras Street, Suite 900
New Orleans, Louisiana 70130
Tel: (504) 571-9582
Fax: (504) 684-1449
jvasquez@vasquezlawoffice.com
ATTORNEY FOR KEN NASSET

---

[10] R. Doc. 61-12
[11] R. Doc. 61-9