UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH NASSET | CIVIL ACTION |
| VERSUS | NO. 18-9253 |
| UNITED STATES OF AMERICA | SECTION "A" (1) |

**ORDER AND REASONS**

Before the Court is a **Motion for Reconsideration (Rec. Doc. 59)** filed by the Defendant the United States of America. The Plaintiff Kenneth Nasset opposes this motion. This motion, set for submission on September 30, 2020, is before the Court on the briefs without oral argument.

**I.      Background**

Nasset filed his Complaint against the Government pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., regarding the care he received from the U.S. Department of Veterans Affairs ("VA") in New Orleans, Louisiana, for the treatment of his psoriatic arthritis in 2016. (Rec. Doc. 49, p. 1, Court's Order). Nasset claims that on September 13, 2016 he saw Dr. Hugh McGrath, a rheumatologist, and was prescribed a TNF inhibitor after discussing two drugs, Humira and Enbrel, for treating his psoriatic arthritis. (Rec. Doc. 1, p. 3, Nasset's Complaint). After taking Enbrel for almost a year, Nasset was hospitalized on June 13, 2017 and was informed that he had congestive heart failure and a myocardial infarction. *Id.* at 4. During this hospitalization, Nasset claims that his attending physicians, Dr. Margret Maxi and Dr. Meredith Barr, advised him that the Enbrel medication was the cause of his myocardial infarction. *Id.*

On June 4, 2020, the Court allowed Nasset to amend his Complaint to make the following three claims against the Government: (1) negligence, (2) vicarious liability, and (3) lack of informed consent. As a result of this amendment, the Government filed a Motion for Partial Summary Judgment as to Nasset's negligence and vicarious liability claims (Rec. Doc. 55). On September 11, 2020, the Court denied the Government's Motion for Partial Summary Judgment. The Government now requests the Court to reconsider its Order and Reasons (Rec. Doc. 58).

## II. Legal Standard

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Nevertheless, the Fifth Circuit has treated a motion for reconsideration as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure when filed twenty-eight days after entry of the judgment from which relief is being sought. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998); *see also* Fed. R. Civ. P. 59(e). A Rule 59(e) motion may be granted on four grounds: "(1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Lines v. Fairfield Ins. Co.*, No. 08–1045, 2010 WL 4338636, at *1 (E.D. La. Oct. 21, 2010) (citing *Peterson v. Cigna Group Ins.*, No. 99–2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002)). "The Court enjoys considerable discretion in granting or denying such a motion." *Gabarick v. Laurin Mar. (America) Inc.*, No. 08–4007, 2010 WL 5437391, at *5 (E.D. La. Dec. 23, 2010) (citing *Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F.Supp.2d 938, 939 (W.D. La 2004)). The Fifth Circuit has held that a Rule 59(e) motion is not the proper vehicle for

"rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. April 2004).

## III. Discussion

The Government argues that this Court committed manifest legal error and its partial motion for summary judgment should have been granted for the following reasons: (1) the VA's internal policy cannot establish the applicable standard of care; (2) Dr. McGrath did not testify to the standard of care nor did he admit to breaching the standard of care; (3) Plaintiff failed to meet his burden of proof as to the standard of care element because Plaintiff's Rule 26 designation of experts did not disclose that a treating physician would testify as to the standard of care; (4) this Court has already ruled that Dr. Levin is unqualified to opine on the standard of care; and (5) Plaintiff cannot meet his burden of proof on his medical malpractice claims without expert testimony. (Rec. Doc. 59). The Court determined that it is premature to grant summary judgment in favor of the Government as to Nasset's negligence and vicarious liability claims, because there still remains a question of fact as to whether Dr. McGrath violated the VA Medication Management Policy by not having a follow-up assessment with Nasset. (Rec. Doc. 58). Further, the Court, as the trier of fact in this case, noted that it will be in a better position following the presentation of evidence at trial to determine whether Nasset can meet his burden of proof as to his negligence claims in the absence of expert testimony. (Rec. Doc. 58). Fifth Circuit long standing precedent establishes great discretion in this Court to grant or deny motions for reconsideration and that the motion should not be used to re-litigate old matters. Considering the legal standard and the arguments presented by the parties, the Court denies Defendants' Motion for Reconsideration (Rec. Doc. 59).

Accordingly;

**IT IS ORDERED** that the **Motion for Reconsideration (Rec. Doc. 59)** filed by the Defendant the United States of America is **DENIED**.

December 8, 2020

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE