UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH NASSET                           CIVIL ACTION

VERSUS                                    NO. 18-9253

UNITED STATES OF AMERICA                  SECTION "A" (1)

**ORDER AND REASONS**

Before the Court is a **Motion to Strike (Rec. Doc. 65)** filed by the Plaintiff Kenneth Nasset. The Defendant the United States of America opposes this motion. This motion, set for submission on October 14, 2020, is before the Court on the briefs without oral argument.

Nasset filed his Complaint against the Government pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., regarding the care he received from the U.S. Department of Veterans Affairs ("VA") in New Orleans, Louisiana, for the treatment of his psoriatic arthritis in 2016. (Rec. Doc. 49, p. 1, Court's Order). Nasset claims that on September 13, 2016 he saw Dr. Hugh McGrath, a rheumatologist, and was prescribed a TNF inhibitor after discussing two drugs, Humira and Enbrel, for treating his psoriatic arthritis. (Rec. Doc. 1, p. 3, Nasset's Complaint). After taking Enbrel for almost a year, Nasset was hospitalized on June 13, 2017 and was informed that he had congestive heart failure and a myocardial infarction. *Id*. at 4. During this hospitalization, Nasset claims that his attending physicians, Dr. Margret Maxi and Dr. Meredith Barr, advised him that the Enbrel medication was the cause of his myocardial infarction. *Id*.

On June 4, 2020, the Court allowed Nasset to amend his Complaint to include his lack of informed consent claim. Nasset filed this Motion to Strike the supplemental expert report

of Dr. Wilson and the declaration of Dr. Emejuaiwe. He argues that Dr. Wilson's supplemental expert report is untimely and that Dr. Emejuaiwe was not disclosed as an expert.

According to Federal Rule of Civil Procedure 26(a)(2)(D) ("Rule 26"), a party must disclose expert testimony "at the times and in the sequence that the court orders." Absent a stipulation or court order, the disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). Pursuant to Rule 37(c), if a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was "substantially justified" or is "harmless." Fed. R. Civ. P. 37(c).

Currently, there is no trial date set in this matter nor a witness and exhibit list deadline. The Court set a deadline of October 15, 2020, for written discovery. The Government made its Rule 26 disclosures of Dr. Wilson and Dr. Emejuaiwe on September 30, 2020. Therefore, the Court finds the Government's Rule 26 disclosures of Dr. Wilson and Dr. Emejuaiwe were timely. Further, this Court allowed Nasset to amend his complaint to properly plead his lack of informed consent claim. Out of fairness, the Court will allow the declarations of Dr. Wilson and Dr. Emejuaiwe on the informed consent issue. Thus, considering the legal standard and the arguments presented by the parties, the Court denies Nasset's Motion to Strike (Rec. Doc. 65).

Accordingly;

**IT IS ORDERED** that the **Motion to Strike (Rec. Doc. 65)** filed by the Plaintiff Kenneth Nasset is **DENIED**.

December 9, 2020

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE